UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PHB CATALYST GROUP, INC.,

          Plaintiff,

    -against-

RIVER TERRACE APARTMENTS, LLC,

          Defendant.
------------------------------------------------------------X

Civil Action No. _____

**VERIFIED COMPLAINT**

Plaintiff, phb Catalyst Group, Inc. ("Catalyst"), by its attorneys, Peckar & Abramson, P.C., alleges for its verified complaint as follows:

### The Parties

1. Catalyst is a New York corporation.

2. On information and belief, defendant River Terrace Apartments, LLC ("River Terrace") is a Delaware limited liability company

3. River Terrace is the fee simple owner of the real property situate in the County of New York and known as the 503-519 East 72nd Street, a/k/a 504-518 East 73rd Street, New York, New York (the "Property").

### Jurisdiction and Venue

4. This is an action to collect a monetary amount owed to plaintiff by defendant and to enforce the mechanics' lien asserted by Catalyst against the Property pursuant to New York Lien Law.

5. The amount of controversy, exclusive of interest, costs and attorney's fees, exceeds $75,000.

6.  This court has jurisdiction upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

7.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) as the defendant's principal place of business, as well as the Property, are located, and the matter in controversy took place, in this district.

### For A First Claim Against River Terrace

8.  Pursuant to a written agreement dated April 13, 2006, Catalyst agreed to manage certain labor, material and services required for conversion of the Property into a luxury condominium building (the "Project").

9.  Thereafter, Catalyst entered upon the performance of the agreement and duly performed all the terms and conditions thereof on its part to be performed, except to the extent that it was interfered with or prevented from performing by River Terrace.

10. Pursuant to said agreement and for approved extra and additional work, Catalyst earned the sum of $220,755.64, of which $149,000.65 has been unpaid to Catalyst, with applicable interest thereon.

11. Defendant made one-time payment of $71,754.99 to plaintiff against the original $220,755.64 balance and thereafter failed and refused to pay the remainder of the outstanding funds.

12. By an agreement dated October 12, 2007, true and complete copy of which is attached hereto as Exhibit A, defendant conceded and agreed that the above-stated amount of $149,000.65 is owed to plaintiff.

13. By reason of the foregoing, the sum of $149,000.65 is now justly due and owing from River Terrace to Catalyst, with applicable interest thereon.

## For A Second Claim Against River Terrace

14. The real property for which said management of labor, equipment and materials was performed and supplied by plaintiff, and which at all times mentioned herein was owned by River Terrace, is situate in the County, City and State of New York, and is more particularly described as 503-519 East 72nd Street, a/k/a 504-518 East 73rd Street, New York, New York, Block 01484, Base Lot 0005, Lots 1001-1366 (the "Property").

15. On or about January 23, 2008, and within eight months after the performance and furnishing of said labor, material and services, Catalyst duly filed a notice of mechanic's lien, in writing, in accordance with the law, in the Office of the Clerk of the County of New York, in which County the Property against which the lien is asserted is situate, and said lien was duly entered and docketed by the Clerk of the County of New York in the lien docket kept in that office.

16. On or about January 23, 2008, a copy of said notice of mechanic's lien was duly served on defendant River Terrace by certified mail, return receipt requested. Proof of such service was duly filed with the Clerk of the County of New York on January 23, 2008.

17. By reason of the foregoing, Catalyst acquired and now has a lien against the Property in the sum of $149,000.65, together with appropriate interest, costs and disbursements thereon.

18. On information and belief, no persons or entities other than Catalyst have or claim to have a lien against the Property either by way of mortgage, judgment, lien or otherwise, as to which lien's validity and parity to Catalyst's lien Catalyst seeks a determination.

19. Catalyst's lien and the claim on which it is based have not been paid, waived, cancelled or discharged, and, on information and belief, no other action or proceeding, either at

3

law or in equity, has ever been brought to foreclose Catalyst's mechanic's lien or to recover Catalyst's claim herein or any part thereof.

**WHEREFORE,** Catalyst demands judgment against River Terrace as follows:

1) granting Catalyst judgment on its first claim against River Terrace in the sum of $149,000.65, with applicable interest thereon;

2) on its second claim, finding that Catalyst duly acquired and now has a valid lien against the Property in the sum of $149,000.65, with appropriate interest thereon, or such other sum as may be found due Catalyst at trial in this action, and adjudging that the Property should be sold in accordance with the law and practices of this Court and out of the proceeds of the sale that Catalyst shall be paid the amount of its lien, with applicable interest; and

3) granting such other and further relief as the Court deems just and proper, including the costs and disbursements incurred in this action.

Dated: New York, New York
March 12, 2008

                                              PECKAR & ABRAMSON, P.C.
                                              Attorneys for
                                              phb Catalyst Group, Inc.

                                              By: _____
                                                  Sergey Leonidov (SL-4579)

                                              41 Madison Avenue, 20th Floor
                                              New York, NY 10010
                                              (212) 382-0909

TO:   River Terrace Apartments, LLC
       515 East 72nd Street
       New York, New York 10021

## VERIFICATION

STATE OF NEW YORK   )
                                       )   ss.:
COUNTY OF NEW YORK   )

CARLOS J. PESANT, being duly sworn, deposes and says:

Deponent is Co-President of phb Catalyst Group, Inc., plaintiff herein; he has read the foregoing Verified Complaint and knows the contents thereof; and the same is true on information and belief, and he believes same to be true.

The reason this verification is made by deponent and not by plaintiff is because said plaintiff is a corporation, organized and existing under the laws of the State of New York, and deponent is an officer thereof, to wit, its Co-President, and the grounds of deponent's belief as to all matters in said Plaintiff's Verified Complaint are his personal knowledge, his investigations and conversations with knowledgeable persons, which deponent conducted in the course of his duties as an officer of said corporation, and the corporation's books and records.

_____
Carlos J. Pesant

Sworn to before me this
14th day of March, 2008

_____
Notary Public
TAMMY SHIDEMANTLE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SH........68
Qualified in New York County
My Commission Expires October 30, 2010

5

# EXHIBIT A



**ANDREW E. LIPPMANN**
Partner

345 Park Avenue
New York, NY 10154

Direct 212.407.4819
Main  212.407.4000
Fax   212.202.7690
alippmann@loeb.com

Via Telecopier

October 12, 2007

Tony Berman, Esq.
Peckar & Abramson
500 5th Avenue
44th Floor
New York, New York 10036

Re: <u>River Terrace Apartment, LLC with phb Catalyst Group, Inc.</u>

Dear Tony:

As discussed, attached please find the (1) Partial Waiver of Lien and (2) Final Waiver of Lien in connection with the settlement of amounts to be paid to your client, phb Catalyst Group, Inc. pursuant to the final invoice they submitted, a copy of which is attached hereto. If you approve the attached forms, I will authorize our client River Terrace Apartments, LLC, to issue a check for the July invoice in the amount of $71,754.99 in exchange for the Partial Waiver of Lien executed and notarized by your client. Thereafter, we will deliver checks for the August invoice ($90,595.52) and the final September invoice ($58,405.13) and you will deliver to me concurrently with the delivery of each of the checks executed and notarized Partial and Final Waivers of Lien reflecting the corresponding amounts. Upon final payment, you will have your client execute and deliver in favor of River Terrace Apartments, LLC a General Release.

The timing of these payment will be as follows. Upon your written approval of the attached forms, and delivery to me of the Partial Waiver for July, I will hold the same in escrow and not further deliver it nor shall it be binding on your client unless and until your client acknowledges receipt of the July check. We are prepared to deliver the check immediately. Thereafter, we expect to have the August check available within the next thirty (30) days and we will notify your client when the check is available. Upon delivery to me of an executed and notarized Partial Waiver for the August payment, I will similarly hold it in escrow and upon delivery of the required check for August the partial waiver will be released and binding. The last payment for September is expected within the next forty-five (45) days and the same procedure with respect to the August payment will apply except that your client will deliver to me in escrow a fully executed and notarized Final Waiver of Lien and a General Release in standard form to be held until the final September check is received by your client. In the event the final September check is not delivered to your client within said forty-five day period, our client agrees to pay your client interest on the amount owed for September for the period after said forty-five day period that such payment remains unpaid at the rate set forth in the prior agreement which has been terminated (<u>i.e.</u>, 5% per annum).



If the forgoing meet with your client's agreement, please have your client execute the attached copy of this letter in the designated area and return it to me for counter-execution by our client together with the Partial Waiver.

Thank you very much.

Very truly yours,

Andrew E. Lippmann
Partner

Enclosures

cc:   Mr. Jim Derow
      Mr. Josh Pomerantz
      Mr. James Sheehan

ACCEPTED AND AGREED TO:

phb Catalyst Group, Inc.

By: _____
Name: Carlos J. Pesant

## PARTIAL WAIVER OF LIEN AND RELEASE

phb Catalyst Group, Inc. for and in consideration of the sum of $71,754.99 and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does:

Hereby remise, release and forever discharge, River Terrace Apartments, LLC, its present and former members, shareholders, directors, officers, employees, agents, predecessors, heirs, legal representatives, managers, successors and assigns, (the "Indemnitees") of and from all causes of action, claims, lawsuits, liabilities, debts and demands (collectively the "Claims") it may have arising out of or related to any work the undersigned performed at, for or relating to the general construction job in the building known as River Terrace, located at 503-519 East 72nd Street, New York, N.Y. (the "Project");

Hereby waive any mechanic's, materialmen's or like liens, and all rights to file any such liens, on and/or against the real property located at 503-519 East 72nd Street, New York, N.Y., and improvements thereon, or on the monies or other consideration due or to become due, on account of or related to any and all labor, materials, equipment, work and/or services performed and/or furnished by the undersigned in connection with the Project to the extent that payments in the amount of $71,754.99 have been received for work performed on and materials supplied to the Project through July 31, 2007;

Hereby represent that all amounts due its subcontractors, suppliers, materialmen, venders, and/or consultants for work performed or materials furnished to the Project have been fully paid or otherwise satisfied and phb Catalyst Group, Inc. does not owe any sums to any of its subcontractors, suppliers, materialmen, vendors and/or consultants in connection with the Project, and hereby agrees to promptly bond or obtain the release of all mechanic's, materialmen's and like liens filed or to be filed by others in connection with the Project and to defend any claims which the Owner incurs with counsel acceptable to Owner.

IN WITNESS HEREOF, I have hereunto set my hands this ___17___ day of October 2007.

By: _____

Name: Carlos J. Pesant

Title: President

NY681456.1
666666-66666

## CORPORATE ACKNOWLEDGMENT

State of New York

County of New York

On the __17th__ day of October, 2007, before me personally came Carlos J. Pesant, to me known, who, being by me duly sworn, did repose and say that he resides at __65 Prince Lane__, that (he/she) is the President of the corporation described and which executed the above instrument; and that (he/she) signed (his/her) name thereto by authority of the board of directors of said corporation.

_Tammy Shidemantle_
Notary Public

TAMMY SHIDEMANTLE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SH6050168
Qualified in New York County
My Commission Expires October 30, 2010

NY681456.1
666666-66666

# FINAL WAIVER OF LIEN AND HOLD HARMLESS

    phb Catalyst Group, Inc. for and in consideration of the sum of $220,755.64 and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does:

    Hereby remise, release and forever discharge, River Terrace Apartments, LLC, its present and former members, shareholders, directors, officers, employees, agents, predecessors, heirs, legal representatives, managers, successors and assigns, (the "Indemnitees") of and from all causes of action, claims, lawsuits, liabilities, debts and demands (collectively the "Claims") it may have arising out of or related to any work the undersigned performed at, for or relating to the general construction job in the building known as River Terrace, located at 503-519 East 72nd Street, New York, N.Y. (the "Project")

    Hereby waive any mechanic's, materialmen's or like liens, and all rights to file any such liens, on and/or against the real property located at 503-519 East 72nd Street, New York, N.Y., and improvements thereon, or on the monies or other consideration due or to become due, on account of or related to any and all labor, materials, equipment, work and/or services performed and/or furnished by the undersigned in connection with the Project; and

    Hereby represent that all amounts due its subcontractors, suppliers, materialmen, venders, and/or consultants for work performed or materials furnished to the Project have been fully paid or otherwise satisfied and phb Catalyst Group, Inc. does not owe any sums to any of its subcontractors, suppliers, materialmen, vendors and/or consultants in connection with the Project, and hereby agrees to promptly bond or obtain the release of all mechanic's, materialmen's and like liens filed or to be filed by others in connection with the Project and to defend any claims which the Owner incurs with counsel acceptable to Owner.

IN WITNESS HEREOF, I have hereunto set my hands this ___17___ day of October 2007.

By: _____

Name: Carlos J. Pesant

Title: President


NY681461.1
666666-66666

## CORPORATE ACKNOWLEDGMENT

State of New York

County of New York

On the __17th__ day of October, 2007, before me personally came __Carlos J Pesant__ to me known, who, being by me duly sworn, did repose and say that he resides at __105 Prine Lane__, that (he/she) is the __Co-President__ of, the corporation described and which executed the above instrument; and that (he/she) signed (his/her) name thereto by authority of the board of directors of said corporation.

                                                   _Tammy Shidemantle_
                                                    Notary Public

                                                TAMMY SHIDEMANTLE
                                          NOTARY PUBLIC-STATE OF NEW YORK
                                                  No. 01SH6050168
                                         Qualified in New York County
                                      My Commission Expires October 30, 2010

NY681461.1
666666-66666

10/09/2007  11:02    2127028758                    LEVIEN CO                         PAGE  02/02



September 26, 2007

Mr. James W. Sheehan, Project Manager
River Terrace Apartments, LLC
675 Third Avenue
Suite 2400 24th Floor
New York, NY 10017

RE: phb*catalyst*group,inc.
Invoice 200642-18 FINAL
September 1-24, 2007

Dear Jim:

We hereby summit our invoice for services rendered in connection with the above referenced project consistent with our approval letter of agreement dated April 13, 2006.

**Staff Time**

| Name | Hours/Rate | Amount |
|---|---|---|
| Brian O'Shaughnessy | 140.5 hours @ $93.10 | $13,080.55 |
| Howard Ridkis | 139 hours @ $68.75 | $9,556.25 |
| Carmela Biondo | 17 hours @ $46.00 | $782.00 |
| Jennifer Lerch | 116 hours @ $60.64 | $7,034.24 |
| Greg Gymrek | 76 hours @ $53.13 | $4,037.88 |
| Jennifer Weimer | 122 hours @ $24.70 | $3,013.40 |
| Total Staff Time | 610.5 hours | $37,504.32 |

| | |
|---|---|
| Monthly Fee – September 2007 | $16,143.75 |
| Insurance September 2007 | $3,125.01 |
| Reimbursable Expenses | $1,632.05 |
| Total September FINAL invoice | $58,405.13 |
| Total July invoice 20064216 | $71,754.99 |
| Total August invoice 20064217 | $90,595.52 |
| **Total due phb*catalyst*group** | **$220,755.64** |

Sincerely,

Carlos J. Pesant, Co-President
phb*catalyst*group,inc.

phb*catalyst*group, inc.
440 Ninth Avenue, 19th Floor
New York, NY 10001
T  212 812 8370
F  212 812 0072
W  www.phbcatalyst.com