UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

PHB CATALYST GROUP, INC.,

                Plaintiff,                              Civil Action No. 08CV02796

    -against-                                    **AFFIDAVIT FOR**
                                                       **JUDGMENT BY DEFAULT**

RIVER TERRACE APARTMENTS, LLC,

                Defendant.
------------------------------------------------------------------X

        STATE OF NEW YORK    )
                           ) ss.:
        COUNTY OF NEW YORK  )

SERGEY LEONIDOV, having been duly sworn, says:

1.      I am a member of the Bar of this Court and am an associate of Peckar & Abramson, P.C., attorneys for plaintiff in the above-captioned action.  As such, I am familiar with all the facts and circumstances in this action.

2.      I submit this affidavit pursuant to Rule 55.1 and 55.2(a) of the Civil Rules for the Southern District of New York, in support of plaintiff's application for the entry of a default judgment against defendant.

3.      This is an action to recover $149,000.65 for the construction work performed by plaintiff for defendant, on the property owned by defendant and located at 503-519 East 72nd Street, New York, New York (the "Property").  Plaintiff also seeks a foreclosure of the Property pursuant to the mechanic's lien filed by plaintiff with the New York County Clerk.

4.      As demonstrated by the documents attached as Exhibit A to plaintiff's Verified Complaint (See, Exhibit A to this Affidavit), there can be no good faith dispute as to liability of defendant for the work performed by plaintiff at the Property.  The October 12, 2007, letter

agreement demonstrates that defendant had agreed to pay plaintiff $220,755.64 in three installments, defendant delivered the first installment in the amount of $71,754.99, and failed to deliver the remaining two installments, leaving the balance open in the amount demanded in this action, $149,000.65.

5.      Defendant also agreed to a payment of 5% interest should the installments not be delivered on time.  The interest should be calculated from October 25, 2007, the date when defendant's second installment was due.

6.      This Court has subject matter jurisdiction over this action based on the diversity of the parties and the amount in dispute exceeding $75,000, exclusive of attorney's fees, interest and costs.  Plaintiff is a New York corporation and defendant, according to the public records of the Secretary of the State of New York, is a Delaware limited liability company.

7.      This action was commenced by the filing of the summons and verified complaint on March 17, 2008.  A copy of the Summons and Verified Complaint is attached hereto as Exhibit A.

8.      On March 19, 2008, plaintiff filed with this Court a Notice of Pendency of this action.

9.      Defendant was served with the Summons and Complaint, as well as Notice of Pendency, by delivering two copies of said documents to the Secretary of State of New York on March 26, 2008.  Return of said service has been filed with this Court on April 4, 2008.  A copy of the Affidavit of Service is attached hereto as Exhibit B.

10.     A certified copy of the Notice of Pendency, accompanied by a copy of the Verified Complaint, has been filed with the Clerk for the County of New York on April 18,

2008. A copy of the Notice of Pendency as it has been filed with New York County Clerk is attached hereto as Exhibit C.

11.    Based on March 26, 2008, service date, plaintiff's deadline to answer or otherwise respond to the Verified Complaint was April 15, 2008.

12.    As of the date of this affidavit, plaintiff failed to serve and/or file an answer, or otherwise respond to the Verified Complaint and defend this action.

13.    Nor did defendant seek and/or obtain an additional time for such response.

14.    On April 22, 2008, the Clerk of this Court issued Clerk's Certificate concerning defendant's default. A copy of the certificate is attached hereto as Exhibit D.

15.    Defendant, a limited liability company, is not an infant, in the military service, or an incompetent person.

16.    The disbursements sought to be taxed have been made in this action or will necessarily be made herein.

WHEREFORE, plaintiff requests the entry of Default and the entry of the annexed Judgment against defendant.

Dated: New York, New York
       April 22, 2008


_____
        SERGEY LEONIDOV


Sworn to before me this _22nd_ day of April, 2008


_____
Notary Public        DAVID FULTZ
              Notary Public, State of New York
                    No. 02FU6098779
                Qualified in Queens County
             Commission Expires 09/22/2011

3

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

PHB CATALYST GROUP, INC.,

                              Plaintiff,                                    Civil Action No. _____

        -against-                                                          **VERIFIED COMPLAINT**

RIVER TERRACE APARTMENTS, LLC,

                              Defendant.

-------------------------------------------------------------X

        Plaintiff, phb Catalyst Group, Inc. ("Catalyst"), by its attorneys, Peckar & Abramson,

P.C., alleges for its verified complaint as follows:

## The Parties

        1.      Catalyst is a New York corporation.

        2.      On information and belief, defendant River Terrace Apartments, LLC ("River

Terrace") is a Delaware limited liability company

        3.      River Terrace is the fee simple owner of the real property situate in the County of

New York and known as the 503-519 East 72nd Street, a/k/a 504-518 East 73rd Street, New York,

New York (the "Property").

## Jurisdiction and Venue

        4.      This is an action to collect a monetary amount owed to plaintiff by defendant and

to enforce the mechanics' lien asserted by Catalyst against the Property pursuant to New York

Lien Law.

        5.      The amount of controversy, exclusive of interest, costs and attorney's fees,

exceeds $75,000.

6.      This court has jurisdiction upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) as the defendant's principal place of business, as well as the Property, are located, and the matter in controversy took place, in this district.

### For A First Claim Against River Terrace

8.      Pursuant to a written agreement dated April 13, 2006, Catalyst agreed to manage certain labor, material and services required for conversion of the Property into a luxury condominium building (the "Project").

9.      Thereafter, Catalyst entered upon the performance of the agreement and duly performed all the terms and conditions thereof on its part to be performed, except to the extent that it was interfered with or prevented from performing by River Terrace.

10.     Pursuant to said agreement and for approved extra and additional work, Catalyst earned the sum of $220,755.64, of which $149,000.65 has been unpaid to Catalyst, with applicable interest thereon.

11.     Defendant made one-time payment of $71,754.99 to plaintiff against the original $220,755.64 balance and thereafter failed and refused to pay the remainder of the outstanding funds.

12.     By an agreement dated October 12, 2007, true and complete copy of which is attached hereto as Exhibit A, defendant conceded and agreed that the above-stated amount of $149,000.65 is owed to plaintiff.

13.     By reason of the foregoing, the sum of $149,000.65 is now justly due and owing from River Terrace to Catalyst, with applicable interest thereon.

2

**For A Second Claim Against River Terrace**

14.    The real property for which said management of labor, equipment and materials was performed and supplied by plaintiff, and which at all times mentioned herein was owned by River Terrace, is situate in the County, City and State of New York, and is more particularly described as 503-519 East 72nd Street, a/k/a 504-518 East 73rd Street, New York, New York, Block 01484, Base Lot 0005, Lots 1001-1366 (the "Property").

15.    On or about January 23, 2008, and within eight months after the performance and furnishing of said labor, material and services, Catalyst duly filed a notice of mechanic's lien, in writing, in accordance with the law, in the Office of the Clerk of the County of New York, in which County the Property against which the lien is asserted is situate, and said lien was duly entered and docketed by the Clerk of the County of New York in the lien docket kept in that office.

16.    On or about January 23, 2008, a copy of said notice of mechanic's lien was duly served on defendant River Terrace by certified mail, return receipt requested.  Proof of such service was duly filed with the Clerk of the County of New York on January 23, 2008.

17.    By reason of the foregoing, Catalyst acquired and now has a lien against the Property in the sum of $149,000.65, together with appropriate interest, costs and disbursements thereon.

18.    On information and belief, no persons or entities other than Catalyst have or claim to have a lien against the Property either by way of mortgage, judgment, lien or otherwise, as to which lien's validity and parity to Catalyst's lien Catalyst seeks a determination.

19.    Catalyst's lien and the claim on which it is based have not been paid, waived, cancelled or discharged, and, on information and belief, no other action or proceeding, either at

3

law or in equity, has ever been brought to foreclose Catalyst's mechanic's lien or to recover Catalyst's claim herein or any part thereof.

**WHEREFORE,** Catalyst demands judgment against River Terrace as follows:

1)     granting Catalyst judgment on its first claim against River Terrace in the sum of $149,000.65, with applicable interest thereon;

2)     on its second claim, finding that Catalyst duly acquired and now has a valid lien against the Property in the sum of $149,000.65, with appropriate interest thereon, or such other sum as may be found due Catalyst at trial in this action, and adjudging that the Property should be sold in accordance with the law and practices of this Court and out of the proceeds of the sale that Catalyst shall be paid the amount of its lien, with applicable interest; and

3)     granting such other and further relief as the Court deems just and proper, including the costs and disbursements incurred in this action.

Dated: New York, New York
      March 12, 2008

                              PECKAR & ABRAMSON, P.C.
                              Attorneys for
                              phb Catalyst Group, Inc.

                              By: _____
                                   Sergey Leonidov (SL-4579)

                              41 Madison Avenue, 20th Floor
                              New York, NY 10010
                              (212) 382-0909

TO:    River Terrace Apartments, LLC
       515 East 72nd Street
       New York, New York 10021

## VERIFICATION

STATE OF NEW YORK    )
                             )    ss.:
COUNTY OF NEW YORK  )

       CARLOS J. PESANT, being duly sworn, deposes and says:

       Deponent is Co-President of phb Catalyst Group, Inc., plaintiff herein; he has read the foregoing Verified Complaint and knows the contents thereof; and the same is true on information and belief, and he believes same to be true.

       The reason this verification is made by deponent and not by plaintiff is because said plaintiff is a corporation, organized and existing under the laws of the State of New York, and deponent is an officer thereof, to wit, its Co-President, and the grounds of deponent's belief as to all matters in said Plaintiff's Verified Complaint are his personal knowledge, his investigations and conversations with knowledgeable persons, which deponent conducted in the course of his duties as an officer of said corporation, and the corporation's books and records.

                                      Carlos J. Pesant

Sworn to before me this
_14th_ day of March, 2008

Notary Public
**TAMMY SHIDEMANTLE**
**NOTARY PUBLIC-STATE OF NEW YORK**
No. 01SH6173168
Qualified in New York County
My Commission Expires October 30, 2010

5

# EXHIBIT A



**ANDREW E. LIPPMANN**
Partner

345 Park Avenue
New York, NY  10154

**Direct**  212.407.4819
**Main**  212.407.4000
**Fax**  212.202.7690
alippmann@loeb.com

Via Telecopier

October 12, 2007

Tony Berman, Esq.
Peckar & Abramson
500 5th Avenue
44th Floor
New York, New York 10036

Re:  River Terrace Apartment, LLC with phb Catalyst Group, Inc.

Dear Tony:

As discussed, attached please find the (1) Partial Waiver of Lien and (2) Final Waiver of Lien in connection with the settlement of amounts to be paid to your client, phb Catalyst Group, Inc. pursuant to the final invoice they submitted, a copy of which is attached hereto.  If you approve the attached forms, I will authorize our client River Terrace Apartments, LLC, to issue a check for the July invoice in the amount of $71,754.99 in exchange for the Partial Waiver of Lien executed and notarized by your client.  Thereafter, we will deliver checks for the August invoice ($90,595.52) and the final September invoice ($58,405.13) and you will deliver to me concurrently with the delivery of each of the checks executed and notarized Partial and Final Waivers of Lien reflecting the corresponding amounts.  Upon final payment, you will have your client execute and deliver in favor of River Terrace Apartments, LLC a General Release.

The timing of these payment will be as follows.  Upon your written approval of the attached forms, and delivery to me of the Partial Waiver for July, I will hold the same in escrow and not further deliver it nor shall it be binding on your client unless and until your client acknowledges receipt of the July check.  We are prepared to deliver the check immediately.  Thereafter, we expect to have the August check available within the next thirty (30) days and we will notify your client when the check is available.  Upon delivery to me of an executed and notarized Partial Waiver for the August payment, I will similarly hold it in escrow and upon delivery of the required check for August the partial waiver will be released and binding.  The last payment for September is expected within the next forty-five (45) days and the same procedure will apply with respect to the August payment will apply except that your client will deliver to me in escrow a fully executed and notarized Final Waiver of Lien and a General Release in standard form to be held until the final September check is received by your client.  In the event the final September check is not delivered to your client within said forty-five day period, our client agrees to pay your client interest on the amount owed for September for the period after said forty-five day period that such payment remains unpaid at the rate set forth in the prior agreement which has been terminated (i.e., 5% per annum).

NY681553.1
666666-66666



If the forgoing meet with your client's agreement, please have your client execute the attached copy of this letter in the designated area and return it to me for counter-execution by our client together with the Partial Waiver.

Thank you very much.

Very truly yours,

Andrew E. Lippmann
Partner

Enclosures

cc:    Mr. Jim Derow
       Mr. Josh Pomerantz
       Mr. James Sheehan

ACCEPTED AND AGREED TO:

phb Catalyst Group, Inc.

By:
Name: Carlos J. Pesant

## PARTIAL WAIVER OF LIEN AND RELEASE

phb Catalyst Group, Inc. for and in consideration of the sum of $71,754.99 and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does:

Hereby remise, release and forever discharge, River Terrace Apartments, LLC, its present and former members, shareholders, directors, officers, employees, agents, predecessors, heirs, legal representatives, managers, successors and assigns, (the "Indemnitees") of and from all causes of action, claims, lawsuits, liabilities, debts and demands (collectively the "Claims") it may have arising out of or related to any work the undersigned performed at, for or relating to the general construction job in the building known as River Terrace, located at 503-519 East 72nd Street, New York, N.Y. (the "Project");

Hereby waive any mechanic's, materialmen's or like liens, and all rights to file any such liens, on and/or against the real property located at 503-519 East 72nd Street, New York, N.Y., and improvements thereon, or on the monies or other consideration due or to become due, on account of or related to any and all labor, materials, equipment, work and/or services performed and/or furnished by the undersigned in connection with the Project to the extent that payments in the amount of $71,754.99 have been received for work performed on and materials supplied to the Project through July 31, 2007;

Hereby represent that all amounts due its subcontractors, suppliers, materialmen, venders, and/or consultants for work performed or materials furnished to the Project have been fully paid or otherwise satisfied and phb Catalyst Group, Inc. does not owe any sums to any of its subcontractors, suppliers, materialmen, vendors and/or consultants in connection with the Project, and hereby agrees to promptly bond or obtain the release of all mechanic's, materialmen's and like liens filed or to be filed by others in connection with the Project and to defend any claims which the Owner incurs with counsel acceptable to Owner.

IN WITNESS HEREOF, I have hereunto set my hands this ____17____ day of October 2007.

By: _____

Name: Carlos J. Pesant

Title: President

## CORPORATE ACKNOWLEDGMENT

State of New York

County of New York

On the ____ _17th_ ____ day of October, 2007, before me personally came Carlos J. Pesant, to me known, who, being by me duly sworn, did repose and say that he resides at _65 Prince Lane_ , that (he/she) is the President of the corporation described and which executed the above instrument; and that (he/she) signed (his/her) name thereto by authority of the board of directors of said corporation.

*Tammy Shidemantle*

Notary Public

TAMMY SHIDEMANTLE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SH6050168
Qualified in New York County
My Commission Expires October 30, 2010

NY681456.1
666666-66666

## FINAL WAIVER OF LIEN AND HOLD HARMLESS

phb Catalyst Group, Inc. for and in consideration of the sum of $220,755.64 and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does:

Hereby remise, release and forever discharge, River Terrace Apartments, LLC, its present and former members, shareholders, directors, officers, employees, agents, predecessors, heirs, legal representatives, managers, successors and assigns, (the "Indemnitees") of and from all causes of action, claims, lawsuits, liabilities, debts and demands (collectively the "Claims") it may have arising out of or related to any work the undersigned performed at, for or relating to the general construction job in the building known as River Terrace, located at 503-519 East 72nd Street, New York, N.Y. (the "Project")

Hereby waive any mechanic's, materialmen's or like liens, and all rights to file any such liens, on and/or against the real property located at 503-519 East 72nd Street, New York, N.Y., and improvements thereon, or on the monies or other consideration due or to become due, on account of or related to any and all labor, materials, equipment, work and/or services performed and/or furnished by the undersigned in connection with the Project; and

Hereby represent that all amounts due its subcontractors, suppliers, materialmen, venders, and/or consultants for work performed or materials furnished to the Project have been fully paid or otherwise satisfied and phb Catalyst Group, Inc. does not owe any sums to any of its subcontractors, suppliers, materialmen, vendors and/or consultants in connection with the Project, and hereby agrees to promptly bond or obtain the release of all mechanic's, materialmen's and like liens filed or to be filed by others in connection with the Project and to defend any claims which the Owner incurs with counsel acceptable to Owner.

IN WITNESS HEREOF, I have hereunto set my hands this ___17___ day of October 2007.

By: _____

Name: Carlos J. Pesant

Title: President

## CORPORATE ACKNOWLEDGMENT

State of New York

County of New York

On the _____ *17th* _____ day of October, 2007, before me personally came
*Carlos J Pesant* to me known, who, being by me duly sworn, did repose and say that he
resides at *105 Prine Lane* , that (he/she) is the *Co-President* of, the corporation
described and which executed the above instrument; and that (he/she) signed (his/her) name
thereto by authority of the board of directors of said corporation.

*Tammy Shidemantle*
Notary Public

**TAMMY SHIDEMANTLE**
**NOTARY PUBLIC-STATE OF NEW YORK**
No. 01SH6050168
Qualified in New York County
My Commission Expires October 30, 2010

NY681461.1
666666-66666

10/09/2007  11:02    2127028758              LEVIEN CO                    PAGE  02/02



September 26, 2007

Mr. James W. Sheehan, Project Manager
River Terrace Apartments, LLC
675 Third Avenue
Suite 2400 24th Floor
New York, NY 10017

RE:    phbcatalystgroup,inc.
       Invoice 200642-18 FINAL
       September 1-24, 2007

Dear Jim:

We hereby summit our invoice for services rendered in connection with the above referenced
project consistent with our approval letter of agreement dated April 13, 2006.

**Staff Time**

| | | |
|---|---|---|
| Brian O'Shaughnessy | 140.5 hours @ $ 93.10 | $13,080.55 |
| Howard Ridkis | 139 hours @ $68.75 | $ 9,556.25 |
| Carmela Biondo | 17 hours @ $46.00 | $ 782.00 |
| Jennifer Lerch | 116 hours @ $ 60.64 | $ 7,034.24 |
| Greg Gymrek | 76 hours @ $ 53.13 | $ 4,037.88 |
| Jennifer Weimer | 122 hours @ $ 24.70 | $ 3,013.40 |
| Total Staff Time | 610.5 hours | $37,504.32 |

| | |
|---|---|
| Monthly Fee – September 2007 | $16,143.75 |
| Insurance September 2007 | $ 3,125.01 |
| Reimbursable Expenses | $ 1,632.05 |
| Total September FINAL invoice | $58,405.13 |
| Total July invoice 20064216 | $71,754.99 |
| Total August invoice 20064217 | $90,595.52 |

**Total due phbcatalystgroup**          $220,755.64

Sincerely,

Carlos J. Pesant, Co-President
phbcatalystgroup,inc.

phbcatalystgroup inc.
440 Ninth Avenue, 18th Floor
New York, NY 10001
T  212 812 8570
F  212 812 8572
W  www.phbcatalyst.com

# EXHIBIT B

 **Demovsky Lawyer Service**
Premier Nationwide Document Retrieval
and Process Service Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PHB CATALYST GROUP, INC.,

                        Plaintiff(s),

        -against-                                    AFFIDAVIT OF SERVICE
                                                     08 CV 02796

RIVER TERRACE APARTMENTS, LLC,

                        Defendant(s).
------------------------------------------------------------X
STATE OF NEW YORK    )
                     ) S.S.
COUNTY OF ALBANY     )

        DEBORAH LaPOINTE, being duly sworn, deposes and says that she is over the age of

eighteen years, is employed by the attorney service, D.L.S., INC., and is not a party to this action.

        That on the 26th day of March, 2008, at approximately the time of 1:00P.M., at the office

of the Secretary of State, of the State of New York in the City of Albany, New York, deponent served the

SUMMONS AND VERIFIED COMPLAINT AND NOTICE OF PENDENCY upon RIVER TERRACE

APARTMENTS, LLC, the defendant in this action, by delivering to and leaving with DONNA

CHRISTIE an agent of the Secretary of State, of the State of New York, two (2) true copies thereof and

at that time of making such service deponent paid said Secretary of State a fee of forty dollars. That said

service was made pursuant to Section 303 of the Limited Liability Company Law.

        Deponent further says that she knew the person so served as aforesaid to be the individual

in the Office of the Secretary of State of New York, duly authorized to accept such service on behalf of

said defendant.

        DONNA CHRISTIE is a white female, approximately 45 years of age, stands

approximately 5 feet 1 inches tall, weighs approximately 115 pounds with blonde hair and blue eyes.

D.L.S., Inc.                                         FRANK J. PANUCCI
100 State St.                                        Notary Public, State of N.Y.
Ste 220                                              Qualified in Albany Co.
Albany, NY 12207              DEBORAH LaPOINTE       Reg. No. 4721156
800-443-1058                 Sworn to before me this  Commission Expires July 31, 2010
www.dlsny.com                26 day of March, 2008


                             NOTARY PUBLIC

State of New York - Department of State
Receipt for Service

Receipt #: 200902260029.
Date of Service: 03/26/2008.
Service Company: 10 D.L.S. INC. - 10

Cash #: 200803260029.
Fee Paid: $40 - DRAWDOWN

Service was directed to be made pursuant to: SECTION 303 OF THE LIMITED
LIABILITY COMPANY LAW

Party Served: RIVER TERRACE APARTMENTS LLC

Plaintiff/Petitioner:
PHB CATALYST GROUP, INC.

Service of Process Address:
C/O CT CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NY 10011.

Secretary of State
By DONNA CHRISTIE

# EXHIBIT C

**JUDGE BATTS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

PHB CATALYST GROUP, INC.

Plaintiff,

-against-

RIVER TERRACE APARTMENTS, LLC,

Defendant.

----------------------------------------------------------------X

**08 CV 02796**

Civil Action No. _____

**NOTICE OF PENDENCY**

**PLEASE TAKE NOTICE,** that an action has been commenced and is now pending in the captioned court on the claim of plaintiff against defendant, for the foreclosure of a certain mechanic's lien served and duly filed in the Office of the Clerk of the County of New York on or about January 23, 2008, against the real property and the building and improvements known as and situate at 503-519 East 72nd Street, a/k/a 504-518 East 73rd Street, New York, New York, Block 01484, Base Lot 0005, Lots 1001-1366, to secure the payment of monies due and owing to plaintiff in the sum of $149,000.65, with interest, costs and disbursements thereon.

Dated: New York, New York
       March 14, 2008

PECKAR & ABRAMSON, P.C.
Attorneys for
phb Catalyst Group, Inc.

By: _____
      Sergey Leonidov (SL-4579)

41 Madison Avenue, 20th Floor
New York, NY 10010
(212) 382-0909

TO:   River Terrace Apartments, LLC
      515 East 72nd Street
      New York, New York 10021

JUDGE BATTS            08 CV 02796 

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PHB CATALYST GROUP, INC.,

              Plaintiff,

     -against-

RIVER TERRACE APARTMENTS, LLC,

              Defendant.

-------------------------------------------------------------X

Civil Action No. _____

**VERIFIED COMPLAINT**

RECEIVED

MAR 17 2008

U.S.D.C. S.D. N.Y.
CASHIERS

        Plaintiff, phb Catalyst Group, Inc. ("Catalyst"), by its attorneys, Peckar & Abramson,

P.C., alleges for its verified complaint as follows:

**The Parties**

       1.     Catalyst is a New York corporation.

       2.     On information and belief, defendant River Terrace Apartments, LLC ("River

Terrace") is a Delaware limited liability company

       3.     River Terrace is the fee simple owner of the real property situate in the County of

New York and known as the 503-519 East 72nd Street, a/k/a 504-518 East 73rd Street, New York,

New York (the "Property").

**Jurisdiction and Venue**

       4.     This is an action to collect a monetary amount owed to plaintiff by defendant and

to enforce the mechanics' lien asserted by Catalyst against the Property pursuant to New York

Lien Law.

       5.     The amount of controversy, exclusive of interest, costs and attorney's fees,

exceeds $75,000.

6.    This court has jurisdiction upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

7.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) as the defendant's principal place of business, as well as the Property, are located, and the matter in controversy took place, in this district.

### For A First Claim Against River Terrace

8.    Pursuant to a written agreement dated April 13, 2006, Catalyst agreed to manage certain labor, material and services required for conversion of the Property into a luxury condominium building (the "Project").

9.    Thereafter, Catalyst entered upon the performance of the agreement and duly performed all the terms and conditions thereof on its part to be performed, except to the extent that it was interfered with or prevented from performing by River Terrace.

10.    Pursuant to said agreement and for approved extra and additional work, Catalyst earned the sum of $220,755.64, of which $149,000.65 has been unpaid to Catalyst, with applicable interest thereon.

11.    Defendant made one-time payment of $71,754.99 to plaintiff against the original $220,755.64 balance and thereafter failed and refused to pay the remainder of the outstanding funds.

12.    By an agreement dated October 12, 2007, true and complete copy of which is attached hereto as Exhibit A, defendant conceded and agreed that the above-stated amount of $149,000.65 is owed to plaintiff.

13.    By reason of the foregoing, the sum of $149,000.65 is now justly due and owing from River Terrace to Catalyst, with applicable interest thereon.

### For A Second Claim Against River Terrace

14.     The real property for which said management of labor, equipment and materials was performed and supplied by plaintiff, and which at all times mentioned herein was owned by River Terrace, is situate in the County, City and State of New York, and is more particularly described as 503-519 East 72nd Street, a/k/a 504-518 East 73rd Street, New York, New York, Block 01484, Base Lot 0005, Lots 1001-1366 (the "Property").

15.     On or about January 23, 2008, and within eight months after the performance and furnishing of said labor, material and services, Catalyst duly filed a notice of mechanic's lien, in writing, in accordance with the law, in the Office of the Clerk of the County of New York, in which County the Property against which the lien is asserted is situate, and said lien was duly entered and docketed by the Clerk of the County of New York in the lien docket kept in that office.

16.     On or about January 23, 2008, a copy of said notice of mechanic's lien was duly served on defendant River Terrace by certified mail, return receipt requested.  Proof of such service was duly filed with the Clerk of the County of New York on January 23, 2008.

17.     By reason of the foregoing, Catalyst acquired and now has a lien against the Property in the sum of $149,000.65, together with appropriate interest, costs and disbursements thereon.

18.     On information and belief, no persons or entities other than Catalyst have or claim to have a lien against the Property either by way of mortgage, judgment, lien or otherwise, as to which lien's validity and parity to Catalyst's lien Catalyst seeks a determination.

19.     Catalyst's lien and the claim on which it is based have not been paid, waived, cancelled or discharged, and, on information and belief, no other action or proceeding, either at

law or in equity, has ever been brought to foreclose Catalyst's mechanic's lien or to recover Catalyst's claim herein or any part thereof.

**WHEREFORE,** Catalyst demands judgment against River Terrace as follows:

1)    granting Catalyst judgment on its first claim against River Terrace in the sum of $149,000.65, with applicable interest thereon;

2)    on its second claim, finding that Catalyst duly acquired and now has a valid lien against the Property in the sum of $149,000.65, with appropriate interest thereon, or such other sum as may be found due Catalyst at trial in this action, and adjudging that the Property should be sold in accordance with the law and practices of this Court and out of the proceeds of the sale that Catalyst shall be paid the amount of its lien, with applicable interest; and

3)    granting such other and further relief as the Court deems just and proper, including the costs and disbursements incurred in this action.

Dated: New York, New York
March 12, 2008

PECKAR & ABRAMSON, P.C.
Attorneys for
phb Catalyst Group, Inc.

By: _____
    Sergey Leonidov (SL-4579)

41 Madison Avenue, 20th Floor
New York, NY 10010
(212) 382-0909

TO:    River Terrace Apartments, LLC
       515 East 72nd Street
       New York, New York 10021

4

**VERIFICATION**

STATE OF NEW YORK        )
                         )        ss.:
COUNTY OF NEW YORK  )

CARLOS J. PESANT, being duly sworn, deposes and says:

Deponent is Co-President of phb Catalyst Group, Inc., plaintiff herein; he has read the

foregoing Verified Complaint and knows the contents thereof; and the same is true on

information and belief, and he believes same to be true.

The reason this verification is made by deponent and not by plaintiff is because said

plaintiff is a corporation, organized and existing under the laws of the State of New York, and

deponent is an officer thereof, to wit, its Co-President, and the grounds of deponent's belief as to

all matters in said Plaintiff's Verified Complaint are his personal knowledge, his investigations

and conversations with knowledgeable persons, which deponent conducted in the course of his

duties as an officer of said corporation, and the corporation's books and records.

_____
                   Carlos J. Pesant

Sworn to before me this
_14th_ day of March, 2008

_____
        Notary Public
        TAMMY SHIDEMANTLE
NOTARY PUBLIC-STATE OF NEW YORK
        No. 01SH6057168
    Qualified in New York County
My Commission Expires October 30, 2010

5

# EXHIBIT A



ANDREW E. LIPPMANN
Partner

345 Park Avenue
New York, NY 10154

Direct  212.407.4819
Main   212.407.4000
Fax     212.202.7690
alippmann@loeb.com

Via Telecopier

October 12, 2007

Tony Berman, Esq.
Peckar & Abramson
500 5th Avenue
44th Floor
New York, New York 10036

Re:  River Terrace Apartment, LLC with phb Catalyst Group, Inc.

Dear Tony:

As discussed, attached please find the (1) Partial Waiver of Lien and (2) Final Waiver of Lien in connection with the settlement of amounts to be paid to your client, phb Catalyst Group, Inc. If you approve pursuant to the final invoice they submitted, a copy of which is attached hereto. If you approve the attached forms, I will authorize our client River Terrace Apartments, LLC, to issue a check for the July invoice in the amount of $71,754.99 in exchange for the Partial Waiver of Lien executed and notarized by your client. Thereafter, we will deliver checks for the August invoice ($90,595.52) and the final September invoice ($58,405.13) and you will deliver to me concurrently with the delivery of each of the checks executed and notarized Partial and Final Waivers of Lien reflecting the corresponding amounts. Upon final payment, you will have your client execute and deliver in favor of River Terrace Apartments, LLC a General Release.

The timing of these payment will be as follows. Upon your written approval of the attached forms, and delivery to me of the Partial Waiver for July, I will hold the same in escrow and not further deliver it nor shall it be binding on your client unless and until your client acknowledges receipt of the July check. We are prepared to deliver the check immediately. Thereafter, we expect to have the August check available within the next thirty (30) days and we will notify your client when the check is available. Upon delivery to me of an executed and notarized Partial Waiver for the August payment, I will similarly hold it in escrow and upon delivery of the required check for August the partial waiver will be released and binding. The last payment for September is expected within the next forty-five (45) days and the same procedure with respect to the August payment will apply except that your client will deliver to me in escrow a fully executed and notarized Final Waiver of Lien and a General Release in standard form to be held until the final September check is received by your client. In the event the final September check is not delivered to your client within said forty-five day period, our client agrees to pay your client interest on the amount owed for September for the period after said forty-five day period that such payment remains unpaid at the rate set forth in the prior agreement which has been terminated (i.e., 5% per annum).

NY681553.1
666666-66666



Tony Berman
October 12, 2007
Page 2

If the forgoing meet with your client's agreement, please have your client execute the attached copy of this letter in the designated area and return it to me for counter-execution by our client together with the Partial Waiver.

Thank you very much.

Very truly yours,

Andrew E. Lippmann
Partner

Enclosures

cc:    Mr. Jim Derow
       Mr. Josh Pomerantz
       Mr. James Sheehan

ACCEPTED AND AGREED TO:

phb Catalyst Group, Inc.

By: _____
Name: Carlos J. Pesant

## PARTIAL WAIVER OF LIEN AND RELEASE

phb Catalyst Group, Inc. for and in consideration of the sum of $71,754.99 and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does:

Hereby remise, release and forever discharge, River Terrace Apartments, LLC, its present and former members, shareholders, directors, officers, employees, agents, predecessors, heirs, legal representatives, managers, successors and assigns, (the "Indemnitees") of and from all causes of action, claims, lawsuits, liabilities, debts and demands (collectively the "Claims") it may have arising out of or related to any work the undersigned performed at, for or relating to the general construction job in the building known as River Terrace, located at 503-519 East 72nd Street, New York, N.Y. (the "Project");

Hereby waive any mechanic's, materialmen's or like liens, and all rights to file any such liens, on and/or against the real property located at 503-519 East 72nd Street, New York, N.Y., and improvements thereon, or on the monies or other consideration due or to become due, on account of or related to any and all labor, materials, equipment, work and/or services performed and/or furnished by the undersigned in connection with the Project to the extent that payments in the amount of $71,754.99 have been received for work performed on and materials supplied to the Project through July 31, 2007;

Hereby represent that all amounts due its subcontractors, suppliers, materialmen, venders, and/or consultants for work performed or materials furnished to the Project have been fully paid or otherwise satisfied and phb Catalyst Group, Inc. does not owe any sums to any of its subcontractors, suppliers, materialmen, vendors and/or consultants in connection with the Project, and hereby agrees to promptly bond or obtain the release of all mechanic's, materialmen's and like liens filed or to be filed by others in connection with the Project and to defend any claims which the Owner incurs with counsel acceptable to Owner.

IN WITNESS HEREOF, I have hereunto set my hands this ____17____ day of October 2007.

By: _____

Name: Carlos J. Pesant

Title: President

## CORPORATE ACKNOWLEDGMENT

State of New York

County of New York

On the _____ 17th _____ day of October, 2007, before me personally came Carlos J. Pesant, to me known, who, being by me duly sworn, did repose and say that he resides at 65 Prince Lane _____, that (he/she) is the President of the corporation described and which executed the above instrument; and that (he/she) signed (his/her) name thereto by authority of the board of directors of said corporation.

_Tammy Shidemantle_
Notary Public

TAMMY SHIDEMANTLE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01SH6050168
Qualified in New York County
My Commission Expires October 30, 2010

NY681456.1
666666-66666

## FINAL WAIVER OF LIEN AND HOLD HARMLESS

phb Catalyst Group, Inc. for and in consideration of the sum of $220,755.64 and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does:

Hereby remise, release and forever discharge, River Terrace Apartments, LLC, its present and former members, shareholders, directors, officers, employees, agents, predecessors, heirs, legal representatives, managers, successors and assigns, (the "Indemnitees") of and from all causes of action, claims, lawsuits, liabilities, debts and demands (collectively the "Claims") it may have arising out of or related to any work the undersigned performed at, for or relating to the general construction job in the building known as River Terrace, located at 503-519 East 72nd Street, New York, N.Y. (the "Project")

Hereby waive any mechanic's, materialmen's or like liens, and all rights to file any such liens, on and/or against the real property located at 503-519 East 72nd Street, New York, N.Y., and improvements thereon, or on the monies or other consideration due or to become due, on account of or related to any and all labor, materials, equipment, work and/or services performed and/or furnished by the undersigned in connection with the Project; and

Hereby represent that all amounts due its subcontractors, suppliers, materialmen, venders, and/or consultants for work performed or materials furnished to the Project have been fully paid or otherwise satisfied and phb Catalyst Group, Inc. does not owe any sums to any of its subcontractors, suppliers, materialmen, vendors and/or consultants in connection with the Project, and hereby agrees to promptly bond or obtain the release of all mechanic's, materialmen's and like liens filed or to be filed by others in connection with the Project and to defend any claims which the Owner incurs with counsel acceptable to Owner.

IN WITNESS HEREOF, I have hereunto set my hands this ___17___ day of October 2007.

By: _____

Name: Carlos J. Pesant

Title: President

## CORPORATE ACKNOWLEDGMENT

State of New York

County of New York

On the _____17th_____ day of October, 2007, before me personally came
_Carlos J Pesant_ to me known, who, being by me duly sworn, did repose and say that he
resides at _105 Prine Lane_____, that (he/she) is the _Co-President_____ of, the corporation
described and which executed the above instrument; and that (he/she) signed (his/her) name
thereto by authority of the board of directors of said corporation.

_Tammy Shidemantle_
Notary Public

**TAMMY SHIDEMANTLE**
**NOTARY PUBLIC-STATE OF NEW YORK**
**No. 01SH6050168**
**Qualified in New York County**
**My Commission Expires October 30, 2010**

NY681461.1
666666-66666

10/09/2007  11:02    2127028758                    LEVIEN CO                    PAGE  02/02



September 26, 2007

Mr. James W. Sheehan, Project Manager
River Terrace Apartments, LLC
675 Third Avenue
Suite 2400 24th Floor
New York, NY 10017

RE:    phb*catalyst*group,inc.
       Invoice 200642-18 FINAL
       September 1-24, 2007

Dear Jim:

We hereby summit our invoice for services rendered in connection with the above referenced
project consistent with our approval letter of agreement dated April 13, 2006.

| Staff Time | | |
|---|---|---|
| Brian O'Shaughnessy | 140.5 hours @ $ 93.10 | $13,080.55 |
| Howard Ridkis | 139 hours @ $68.75 | $ 9,556.25 |
| Carmela Biondo | 17 hours @ $46.00 | $  782.00 |
| Jennifer Lerch | 116 hours @ $ 60.64 | $ 7,034.24 |
| Greg Gymrek | 76 hours @ $ 53.13 | $ 4,037.88 |
| Jennifer Weimer | 122 hours  @ $ 24.70 | $ 3,013.40 |
| Total Staff Time | 610.5 hours | $37,504.32 |

| | |
|---|---|
| Monthly Fee -- September 2007 | $16,143.75 |
| Insurance September 2007 | $ 3,125.01 |
| Reimbursable Expenses | $ 1,632.05 |
| Total September FINAL invoice | $58,405.13 |
| | |
| Total July invoice 20064216 | $71,754.99 |
| | |
| Total August invoice 20064217 | $90,595.52 |

**Total due phb*catalyst*group**                    $220,755.64

Sincerely,



Carlos J. Pesant, Co-President
phb*catalyst*group,inc.

phb*catalyst*group,inc.
440 Ninth Avenue, 18th Floor
New York, NY 10001
T   212 812 8370
F   212 812 8072
W   www.phbcatalyst.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
PHB CATALYST GROUP, INC.,

        Plaintiff(s),

    -against-

RIVER TERRACE APARTMENTS, LLC,

        Defendant(s).
--------------------------------------------------------X
STATE OF NEW YORK    )
                    S.S.:
COUNTY OF ALBANY    )

AFFIDAVIT OF SERVICE
08 CV 02796

        DEBORAH LaPOINTE, being duly sworn, deposes and says that she is over the age of eighteen years, is employed by the attorney service, D.L.S., INC., and is not a party to this action.

        That on the 26th day of March, 2008, at approximately the time of 1:00P.M., at the office of the Secretary of State, of the State of New York in the City of Albany, New York, deponent served the SUMMONS AND VERIFIED COMPLAINT AND NOTICE OF PENDENCY upon RIVER TERRACE APARTMENTS, LLC, the defendant in this action, by delivering to and leaving with DONNA CHRISTIE an agent of the Secretary of State, of the State of New York, two (2) true copies thereof and at that time of making such service deponent paid said Secretary of State a fee of forty dollars. That said service was made pursuant to Section, 303 of the Limited Liability Company Law.

        Deponent further says that she knew the person so served as aforesaid to be the individual in the Office of the Secretary of State of New York, duly authorized to accept such service on behalf of said defendant.

        DONNA CHRISTIE is a white female, approximately 45 years of age, stands approximately 5 feet 4 inches tall, weighs approximately 145 pounds with blonde hair and blue eyes.

D.L.S., Inc.
100 State St.
Ste 220
Albany, NY 12207
800-443-1058
www.dlsny.com

DEBORAH LaPOINTE
Sworn to before me this
26TH day of March, 2008

_____
NOTARY PUBLIC

FRANK J. PANUCCI
Notary Public, State of N.Y.
Qualified in Albany Co.
Reg. No. 4721156
Commission Expires July 31, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PHB CATALYST GROUP, INC.,

        Plaintiff,                       Civil Action No. 08CV02796

    -against-

RIVER TERRACE APARTMENTS, LLC,

        Defendant.
----------------------------------------------------------------X

## NOTICE OF PENDENCY, VERIFIED COMPLAINT AND AFFIDAVIT OF SERVICE

PECKAR & ABRAMSON, P.C.
*Attorneys for Plaintiff / Lienor*
41 Madison Avenue, 20th Floor
New York, New York 10010
(212) 382-0909